## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 24, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DIANA L. BABER,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0894** (BOR Appeal No. 2046948)
(Claim No. 2008028835)

**INTERIM HEALTHCARE OF PITTSBURGH, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Diana L. Baber, by Stephen P. New, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Interim Healthcare of Pittsburgh, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 3, 2012, in which the Board reversed a February 21, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 10, 2009, decision granting the claimant an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Baber is a registered nurse who was injured in the course of her employment when she was lifting a patient. Her claim was held compensable for lumbosacral sprain and sprain of the right hip and thigh. On March 10, 2009, the claims administrator granted her an 8% permanent partial disability award.

Ms. Baber underwent an independent medical evaluation by Saghir Mir, M.D., on November 21, 2008. Dr. Mir found that Ms. Baber had been treated many times before the

1

compensable injury for lower back problems. He noted that he did not do a hip extension test in order to avoid discomfort; however, he found that she had a normal hip. For her lumbar spine, he placed her in Category II under West Virginia Code of State Rules § 85-20-Table C (2006). Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th Edition, 1993), he concluded that Ms. Baber had 8% impairment of her lumbar spine and 0% impairment of her right hip.

Ms. Baber underwent an independent medical evaluation on August 26, 2009, with Victor Poletajev, D.C. He found that she suffered from lumbosacral sprain/strain with a herniated disc and right hip sprain/strain. Using the American Medical Association's *Guides*, he assessed 13% lumbar spine impairment. Notably, he included Ms. Baber's pre-existing herniated lumbar disc in the evaluation. He found 6% impairment of the right hip, for a combined total of 18% whole person impairment. Dr. Poletajev opined that his report should be given more weight than Dr. Mir's, because Dr. Mir failed to perform a full range of motion exam on Ms. Baber's hip.

Ms. Baber was evaluated by Michael Condaras, D.C., on December 2, 2009. Dr. Condaras, using the American Medical Association's *Guides,* found assessed 6% lumbar spine impairment. He noted that he would not give Ms. Baber an impairment rating under Table 75 of the American Medical Association's *Guides* due to MRI findings which showed a pre-existing herniated disc. He found no impairment of the right hip. He stated that he disagreed with Dr. Poletajev's impairment rating, because Dr. Poletajev incorrectly considered Ms. Baber's pre-existing back injury in his rating. He determined that Dr. Mir's impairment rating was more valid than Dr. Poletajev's.

The Office of Judges reversed the decision of the claims administrator in its February 21, 2012, Order. The Office of Judges concluded that Ms. Baber sustained 6% impairment to her lumbar spine and 6% impairment to her right hip. Significant weight was placed on the lumbar findings of Dr. Condaras. The Office of Judges found that he considered Ms. Baber's pre-existing conditions and degenerative changes when making his determination. The Office of Judges also found that Dr. Condaras adequately explained why she was not entitled to a Table 75 impairment rating under the range of motion model of the American Medical Association's *Guides*. Lastly, the Office of Judges found that Dr. Condaras's findings were more persuasive because they were the most recent.

The Office of Judges found that the lumbar impairment ratings of Dr. Mir and Dr. Poletajev were entitled to less evidentiary weight. Dr. Mir used Table 75 of the American Medical Association's *Guides* to calculate Ms. Baber's impairment rating. Though he noted that she had pre-existing lumbar conditions, he did not adjust his rating accordingly. The Office of Judges found Dr. Poletajev's objective findings were difficult to trace to the guidelines. He placed Ms. Baber under Table 75 in Category II-C under the American Medical Association's *Guides* and found that she had 8% impairment. The Office of Judges found this to be inconsistent with the evidentiary record. Dr. Poletajev's findings were given less weight than the reports of Dr. Mir and Dr. Condaras in relation to West Virginia Code of State Rules § 80-20-Table C. Dr. Poletajev placed Ms. Baber in Category III which requires objective evidence of radiculopathy. Neither Dr. Mir nor Dr. Condaras found any evidence of radiculopathy. They both

placed Ms. Baber in Category II under West Virginia Code of State Rules § 85-20-Table C, which entitles her to between 6% and 8% impairment. The Office of Judges ultimately determined that Dr. Condaras's report provided the most persuasive rating for the lumbar spine and accordingly awarded Ms. Baber 6% impairment for the lumbar spine.

The Office of Judges placed significant weight on the independent medical evaluation of Dr. Poletajev for Ms. Baber's right hip. It determined that his objective findings were traceable to the American Medical Association's *Guides*. The Office of Judges concluded that he performed a full range of motion test. It placed less weight on the findings of Dr. Mir and Dr. Condaras. The Office of Judges found that Dr. Mir failed to perform a hip extension test during his independent medical evaluation. Dr. Condaras found that Ms. Baber had positive hip-leg raises. He further found that she had limitations of movement of flexion, extension, and lateral extension. The Office of Judges determined that his objective findings lacked specificity in tracing the findings to the American Medical Association's *Guides*. The Office of Judges ultimately concluded that Dr. Poletajev's recommended rating of 6% impairment was the most persuasive evidence of record regarding right hip impairment. The Office of Judges therefore awarded Ms. Baber 6% impairment for the lumbar spine and 6% impairment for the right hip for a total whole person impairment of 12%.

The Board of Review vacated the Order of the Office of Judges and reinstated the claims administrator's decision in its July 3, 2012, Order. The Board of Review agreed with the Office of Judges as to the analysis of Dr. Poletajev's lumbar spine impairment rating. However, the Board of Review found that Dr. Poletajev's right hip impairment rating was also not credible. Dr. Mir evaluated Ms. Baber before Dr. Poletajev, and Dr. Condaras evaluated her after Dr. Poletajev. Neither doctor found impairment of the right hip. The Board of Review determined that the Office of Judges granted Ms. Baber a 12% permanent partial disability award even though none of the doctors of record recommended that percentage. The Board of Review ultimately determined that Dr. Mir's evaluation was relevant, credible, material, and reliable. Accordingly, it held that Ms. Baber was entitled to an 8% permanent partial disability award.

The reasoning and conclusions of the Board of Review are supported by the evidentiary record. Dr. Mir's report is credible. It is supported by the report of Dr. Condaras. Both doctors found that Ms. Baber fell into the same lumbar category under West Virginia Code of State Rules § 85-20-Table C.  Dr. Poletajev's recommendation of impairment of the right hip is not supported by the evidence of record, because neither Dr. Mir nor Dr. Condaras found an impairment of the right hip. Accordingly, the Board of Review was correct in its determination that Ms. Baber was entitled to an award of 8% permanent partial disability.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

3

Affirmed.

**ISSUED:   March 24, 2014**

**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman